[Civ. No. 4726. First Appellate District, Division Two.—April 5, 1924.]

## A. T. NIELSEN, Respondent, v. A. DAVIDSON, Appellant.

[1] CONTRACTS—CONDITIONAL GUARANTY—ASSIGNMENT OF NOTES TO BANK—FINDINGS—EVIDENCE.—In this action upon a written contract guaranteeing the payment of two promissory notes, the trial court having found that the notes in question were sold, assigned, and transferred to the bank (plaintiff's assignor) for the full face value thereof, and there having been some evidence to support such finding, this was sufficient answer to defendant's argument, on appeal from the judgment in favor of plaintiff, that the guaranty was conditional upon the bank's either purchasing or carrying the notes.

[2] ID.—REVOCATION.—Such guaranty having been acted upon and the purposes for which it had been executed having been obtained by defendant's associates, defendant's attempt thereafter to revoke it was ineffective.

[3] ID.—VIOLATION OF FEDERAL BANKING ACT—PENALTY.—Conceding that the face value of the notes exceeded ten per cent of the capital stock and surplus of the bank (plaintiff's assignor) and that, therefore, it was prohibited from purchasing the notes under the provisions of the United States Compiled Statutes of 1918, section 9761, that was a question which concerned the United States alone, and did not constitute a defense to the action upon the written contract guaranteeing the payment of such notes.

(1) 4 C. J., p. 879, sec. 2853. (2) 28 C. J., p. 929, sec. 71. (3) 28 C. J., p. 910, sec. 39.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Herbert Choynski and F. W. Nightingill for Appellant.

Egerton D. Lakin and Alexander McCulloch for Respondent.

NOURSE, J.—Plaintiff sued the defendant to recover upon a written contract guaranteeing the payment of two promissory notes in the sum of $6,250. Plaintiff owned

1. See 12 R. C. L. 1064.
2. See 13 Cal. Jur. 120; 12 R. C. L. 1088.
3. See 4 Cal. Jur. 276; 3 R. C. L. 605.

the University Creamery in the city of Palo Alto and, in December, 1919, agreed to sell it to Allen and Carter for the sum of $25,000, plus the inventory of stock in trade. Pending the running of the statutory notice fixing the day of sale, the bill of sale was executed and deposited in escrow with the First National Bank of Palo Alto. During this time the buyers requested Nielsen to accept two promissory notes to cover one-half of the agreed purchase price. Plaintiff agreed to accept the promissory notes providing they should be satisfactory to the First National Bank, and emphasized the fact that it would be necessary for the cashier of said bank to assure him that the notes were as good as cash, as he was selling the creamery for cash. This was agreed to and one of the purchasers brought the defendant Davidson to the First National Bank of Palo Alto and introduced him to the cashier. The whole transaction was explained to Davidson, and during the course of the conversation he explained that he was a silent partner in the creamery; that he did not want his name known but would guarantee the notes and would write a letter to that effect. On December 5th he sent to the cashier of the bank the letter which is the basis of this action and in which he stated that he understood that the plaintiff wanted an agreement with the bank whereby at any time he might cash the two notes and that his letter might be treated as an agreement of guaranty for the purposes mentioned in the event that the bank should see fit at any time to purchase or carry the notes. This letter was supplemented by a letter from the defendant's bank in San Francisco to the effect that he was good for the payment, and these were shown to the plaintiff by the cashier of the First National Bank, who thereupon assured the plaintiff that the notes were good and that the transaction might be completed in accordance with his wishes. Upon such assurance plaintiff consented to the bank's delivery of his bill of sale to the purchasers. The sale was thus completed in the first part of December, 1919, and the purchasers took possession Sometime in August of the year following the defendant herein endeavored to revoke his guaranty. The notes had been made payable to the First National Bank of Palo Alto and when the defendant attempted to cancel his guaranty the bank assigned the notes to plaintiff herein, who com-

menced this action. He recovered judgment for the full value of the notes and the defendant has appealed upon a bill of exceptions.

[1] The parties concede that the letters referred to are sufficient to constitute a written guaranty on the part of the appellant. It is argued in support of the appeal that the guaranty is conditional upon the bank's either purchasing or carrying the notes. Conceding this to be true, the trial court found, as alleged in paragraph VIII of the complaint, that the notes were sold, assigned, and transferred to the bank for the full sum of $12,650. There was some evidence to support this finding, and this is a sufficient answer to the first point urged by the appellant.

[2] The second point presented is that the guaranty was revoked. It is true that the appellant attempted to revoke this guaranty long after it had been acted upon and the purposes for which it had been executed had been obtained by his associates. As soon as the sale was consummated the guaranty became irrevocable so far as the respondent herein was concerned.

[3] The further contention is urged that the court erred in refusing to admit evidence showing the amount of the subscribed capital stock and surplus of the Palo Alto bank. The point is that the face value of these two notes exceeded ten per cent of the capital stock, and surplus of the bank and that, accordingly, the bank was prohibited from purchasing the notes under the provisions of the United States Compiled Statutes of 1918, section 9761. Aside from the fact that this matter was not put in issue by any of the pleadings, it is a sufficient answer to the appellant to say that any violation of the federal banking act was a question which concerned the United States alone. Appellant's point is that as the guaranty in suit is conditional upon the bank's either purchasing or carrying the notes, and as the bank could not carry both notes if in excess of ten per cent of its capital and surplus, then perforce the bank could not fulfill the conditions of the guaranty and the whole, therefore, must fall. But such is not the penalty of the federal banking act. At the instance of the United States the bank might be subjected to the forfeiture of its charter and the officers might be required to personally make good the amount of the excess, but none of these matters may be

urged by the debtor upon a loan or obligation in excess of the statutory limitation.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 2, 1924, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 2, 1924.

All the Justices concurred.